IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD J. WOLFE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-cv-00029-GBW |
| ) | |
| INTERMECCANICA INTERNATIONAL, ) | |
| INC., and ELECTRAMECCANICA, US, ) | |
| and AUTO EUROPE, INC. d.b.a. ) | |
| INTERMECCANICA – US, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Donald J. Wolfe Jr., filed this civil action, subject to the court's diversity jurisdiction, alleging damages for a defective automobile that was manufactured and sold by the Defendants, Intermeccanica International, Inc. (hereinafter "Intermeccanica"), Electrameccanica, US (hereinafter "Electrameccanica"), and Auto Europe, Inc. d.b.a. Intermeccanica – US (hereinafter "Auto Europe"). (D.I. 1)

Pending before the court are the following motions: (1) a motion to dismiss the complaint based upon lack of personal jurisdiction pursuant to FED. R. CIV. PRO. 12(b)(2) or alternatively, improper venue pursuant to Rule 12(b)(3) or the doctrine of *forum non conveniens*, filed by Defendants Intermeccanica and Electrameccanica[1] (D.I. 10);[2] and (2) Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a) (D.I. 16).[3] For the reasons discussed below, the court recommends that Defendants' motion to dismiss be **DENIED** and Plaintiff's motion to amend be **GRANTED**.

---

[1] The remaining defendant, Auto Europe, has filed an answer to the complaint. (D.I. 8)
[2] The briefing submitted for this motion can be found at D.I. 10, D.I. 12, and D.I. 13.
[3] The briefing submitted for this motion can be found at D.I. 16, D.I. 17, and D.I. 18.

1

I.  **BACKGROUND**

This action arises from Plaintiff's purchase of a custom 2021 Intermeccanica 1959 Porsche 356 Convertible Replica. (D.I. 1 at ¶ 9) Plaintiff is a citizen of Delaware. (*Id.* at ¶ 1) Intermeccanica and its parent company, Electrameccanica, are headquartered in Canada with their United States headquarters in Detroit, Michigan and Huntington Beach, California, respectively. (*Id.* at ¶¶ 2–3) Intermeccanica manufacturers and/or obtains the car components in Canada and ships them to Auto Europe, headquartered in Michigan, for assembly and delivery of the completed vehicle to their customers. (*Id.* at ¶ 11) The complaint alleges that Auto Europe is the US representative of Intermeccanica and distributes vehicles under the name "Intermeccanica-US." (*Id.* at ¶ 5) Plaintiff avers that Intermeccanica and Electrameccanica are vicariously liable for the conduct of Auto Europe. (*Id.* at ¶¶ 13–14)

On February 12, 2021, Plaintiff contracted with Auto Europe to purchase the vehicle and ship it to Delaware. (*Id.* at ¶¶ 4, 9; *see id.* at ¶ 12; *see also id.* Ex. A) The vehicle was delivered, registered, and titled in Delaware and allegedly came with a "2-year/20,000 KM warranty" from Intermeccanica. (*Id.* at ¶¶ 16, 36; *id.* Ex. B)

The complaint alleges that the vehicle suffered from numerous mechanical defects. (*Id.* at ¶ 20) The most serious malfunction concerned the failure of the fuel injection system while Plaintiff was driving. (*Id.* at ¶ 21) At Auto Europe's urging, Plaintiff paid an additional cost for incorporating the fuel injection system into his vehicle. (*Id.* at ¶ 30) Auto Europe coordinated with a mechanic in Pennsylvania to attempt repairs. (*Id.* at ¶ 24) When Auto Europe's remote efforts to repair the vehicle failed, it retrieved the vehicle and transported it to its facility in Michigan for repairs. (*Id.* at ¶¶ 25–26) Auto Europe subsequently delivered the vehicle back to the Plaintiff in Delaware, but the mechanical issues persisted. (*Id.* at ¶¶ 26–28) Auto Europe

admitted that the vehicle had not been "vetted" properly before Plaintiff bought it. (*Id.* at ¶ 23) Auto Europe refused to rescind the sale. (*See id.* at ¶¶ 29–30)

Plaintiff thereafter filed this action on January 12, 2023. (D.I. 1) In an eight-count complaint, Plaintiff accuses Defendants of violating the Delaware Lemon Law, 6 *Del. C.* § 5001 *et seq.*, related consumer protection statutes, 6 *Del. C.* § 2513; 6 *Del. C.* § 2731 *et seq.* ("Counts I, III, and V"), and the federal Automobile Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301 *et seq.* ("Count II"); breaching express and implied vehicle warranties under the Delaware Uniform Commercial Code ("Count IV"); and common law negligence and fraud ("Counts VI–VII"). Plaintiff further alleges that he should be awarded punitive damages ("Count VIII"). (D.I. 1)

Defendants filed the present motion to dismiss on April 17, 2023, arguing a lack of personal jurisdiction, improper venue, and *forum non conveniens*. (D.I. 10) It was fully briefed on May 8, 2023, and is ripe for review. (D.I. 13) Plaintiff filed a motion to amend his complaint on May 18, 2023. (D.I. 16) It was fully briefed on June 8, 2023, and is ripe for review. (D.I. 18) Both motions were referred to the undersigned Magistrate Judge by the District Judge on October 4, 2023. (D.I. 19)

## II. DEFENDANTS' MOTION TO DISMISS

### A. Personal Jurisdiction

#### i. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). "[T]he plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence" when a defendant challenges the court's exercise of personal jurisdiction. *Turner v.*

3

*Prince George's Cnty. Pub. Schs.*, 694 F. App'x 64, 66 (3d Cir. 2017). To meet this burden, the plaintiff may produce "sworn affidavits or other competent evidence" outside the pleadings. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984). In the absence of an evidentiary hearing, however, "the plaintiff need only establish a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). The court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Id.*

In order to properly assert personal jurisdiction over a nonresident defendant, "a court generally must answer two questions: one statutory and one constitutional. . . . The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located." *Truinject Corp. v. Nestlé Skin Health, SA*, 2019 WL 6828984, at *8 (D. Del. Dec. 13, 2019) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998)). Pursuant to the Delaware long arm statute:

> (c) . . . [A] court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State; [or]
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State[.]

10 *Del. C.* § 3104(c)(1)–(4).

Delaware's long-arm statute requires a showing of specific jurisdiction arising from the

defendant's activities within the forum state, or general jurisdiction based on continuous or systematic contacts with the forum state. *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 622 (D. Del. 2015). The court must then determine whether the exercise of personal jurisdiction comports with due process by analyzing whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted); *see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)

### ii. Discussion

The moving Defendants, Intermeccanica and Electrameccanica, argue that the court lacks personal jurisdiction over them because they are Canadian corporations with no connections to Delaware. (D.I. 10 at ¶ 11)[4] Defendants' argument in their opening memorandum of law consists of reciting the specific jurisdiction provisions of the Delaware long-arm statute, §§ 3104(c)(1)–(2), and denying that either of these jurisdictional requirements are satisfied. (*See id.* at ¶ 13) Conclusory denials without citation to any supporting facts or legal authority provide no reasonable basis for Defendants to prevail on a motion to dismiss.

In their reply brief (D.I. 13), Defendants attempt to correct the deficiencies in their opening memorandum but violate the court's Local Rules by relying on material that should have been included in their opening submission. D. DEL. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."); *see also Marcum v. Colum. Gas Transmission, LLC*, 549 F. Supp.

---

[4] Defendants are silent in respect to the allegations in the complaint that Intermeccanica and Electrameccanica maintain United States headquarters in Detroit, Michigan and Huntington Beach, California, respectively. (D.I. 1 at ¶¶ 2–3; *see* D.I. 10; D.I. 13)

5

3d 408, 420 n.4 (E.D. Pa. 2021) ("Courts need not address arguments raised for the first time in a reply brief."). They provide in the reply brief a declaration from Robert Ruskey (D.I. 13 Ex. A), an "Office Manager" of Intermeccanica, who also serves as a "contractor for Intermeccanica's parent company, 'ElectraMeccanica Vehicles Corp.'" (*Id.* at ¶¶ 1, 4) The declarant denies that Intermeccanica sold completed vehicles in the United States, nor did it sell the completed vehicle at issue directly to Plaintiff in Delaware. (*Id.* at ¶¶ 6–8, 13) The declarant further denies an agency relationship with the co-defendant, Auto Europe, despite the co-defendant's use of the name "Intermeccanica-US" as Plaintiff alleges in the complaint and as used in the purchase agreement attached to Plaintiff's answering brief. (*Id.* at ¶¶ 9–11; *see also* D.I. 12 Ex. A at 35–37)

Notably, in their reply brief, Defendants for the first time deny the existence of a company known as "Electrameccanica US." (D.I. 13 at 8) Their denial is contrary to their admissions in their opening memorandum that, "[a]ctually, Electrameccanica is headquartered solely in Canada. . . . As set forth in the Complaint, Electrameccanica and Intermeccanica are Canadian entities[.]" (D.I. 10 at ¶¶ 5, 15) Defendants should have known from the time they were served with the complaint whether there was an inaccurate identification of the Defendant, Electrameccanica US. Their failure to raise the issue until the reply brief forfeits the issue and is fatal to Defendants' motion as to Electrameccanica. *Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ("Because Citigroup failed to invoke the provision until its reply brief in the District Court, we deem this argument waived."). Regardless, Plaintiff has moved to correctly identify Electrameccanica Vehicles Corp. through an amendment of his pleading, which the court addresses in § III, *infra*.

Furthermore, the court recommends finding that Plaintiff has met his burden of

6

establishing a prima facie case that there is personal jurisdiction over the moving defendants. The court recommends that the requirements for securing specific jurisdiction pursuant to Delaware's long arm statute, §§ 3104(c)(1)–(2), have been met. (D.I. 12 at 7–8) It is undisputed that general jurisdiction under § 3104(c)(4) is not applicable. (*See id.*)

The transaction for the sale of the vehicle to Plaintiff, a Delaware resident, commenced through an email exchange with Henry Reisner, Intermeccanica's President and CEO. (*Id.* at 5; *see also id.* Ex. A at 38–41) Defendants do not dispute that Reisner is President of Intermeccanica and exchanged emails with Plaintiff in that capacity. (*See* D.I. 13 at 1, 6) Other documents produced by Plaintiff indicate that Reisner is also a co-founder of Electrameccanica. (*E.g.* D.I. 12 Ex. A at 16) Defendants do not dispute that Electrameccanica is the parent company of Intermeccanica, its wholly owned subsidiary. (*See* D.I. 10; D.I. 13) Intermeccanica and Auto Europe manufactured the vehicle for delivery to a customer in Delaware. (D.I. 1 at 11–12) The transaction was confirmed by a sales contract with Auto Europe, which identified itself as Intermeccanica-US. (D.I. 12 Ex. A at 35; D.I. 1 Ex. A) Plaintiff alleges that Intermeccanica provided a vehicle warranty to him, as he is the "buyer[.]" (D.I. 1 Ex. B). Viewed in a light favorable to Plaintiff, the foregoing facts are sufficient to establish a prima facie case that Defendants transacted business and/or contracted with Plaintiff for the sale and/or warranty of the vehicle in Delaware, for purposes of §§ 3104(c)(1)–(2). *Cf. LaNuova D & B, SpA v. Bowe Co., Inc.*, 513 A.2d 764, 768–70 (Del. 1986) (asserting personal jurisdiction in Delaware via § 3104(c)(4)'s general jurisdiction provision over an Italian company for a warranty given out by its New Jersey distributor to a subcontractor in Delaware).

The cases relied upon by Defendants and cited for the first time in their reply brief are distinguishable because neither involve a contract and/or warranty for the sale and delivery of

7

goods to the forum state. *See DeFazio v. Wells Fargo Bank Nat'l Assc'n*, 2020 WL 1888252 (D.N.J. Apr. 16, 2020); *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147 (3d Cir. 1996). In *DeFazio*, the plaintiff brought suit in New Jersey against South Carolina defendants for claims arising from a real estate transaction for property located in South Carolina. 2020 WL 1888252, at *1–2. The court determined that the defendants were not subject to personal jurisdiction in New Jersey based upon the email correspondence they sent to the plaintiff in New Jersey about the South Carolina transaction. *Id.* at *8. Likewise, in *Vetrotex*, the court found that the defendant, a California corporation, was not subject to personal jurisdiction in Pennsylvania pursuant to a supply contract it executed with the plaintiff, a Pennsylvania company, for the shipment of materials to the defendant in California. 75 F.3d at 151–53. The court reasoned that the defendant was a "passive buyer" and had not initiated the business relationship with the plaintiff in Pennsylvania leading to the supply contract. *Id.* at 152.

Unlike the defendants in *DeFazio* and *Vetrotex*, the moving Defendants are foreign manufacturers who sold an allegedly defective vehicle to Plaintiff, a Delaware resident. (D.I. 1) Defendants exchanged email communications with Plaintiff to arrange for the sale of the vehicle to him in Delaware and provided a vehicle warranty to Plaintiff in Delaware. (*Id.* at Ex. B; D.I. 12 Ex. A at 38–41) The complaint alleges that Auto Europe is the manufacturer's representative and conducted the transaction with Plaintiff under the name Intermeccanica-US. (*E.g.* D.I. 1 at ¶ 5) The complaint further alleges that Defendants Intermeccanica and Electrameccanica are vicariously liable for the sale of the defective vehicle to the Plaintiff in Delaware. (*Id.* at ¶¶ 13–14)

The facts of the pending case satisfy the statutory inquiry for personal jurisdiction under §§ 3104(c)(1)–(2) of Delaware's long arm statute. Defendants fail to address the constitutional

8

inquiry in their briefing and offer no persuasive argument that they have not purposefully availed themselves of the privilege of conducting activities in Delaware, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), nor have they demonstrated that production of documents and witnesses in Delaware would impose an undue burden. (*See* D.I. 10; D.I. 13)

The court recommends that the exercise of personal jurisdiction over the Defendants, based on their sale and warranty of a vehicle to a customer in Delaware, comports with due process. Thus, Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) should be **DENIED**.

### B. Venue

#### i. Legal Standard

Under Rule 12(b)(3), a defendant seeking to dismiss a case for improper venue bears the burden to establish that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982); *Graphics Props. Holdings Inc. v. Asus Comput. Int'l, Inc.*, 964 F. Supp. 2d 320, 324 (D. Del. 2013). Generally, "venue provisions are designed . . . to allocate suits to the most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972). Pursuant to 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Pursuant to § 1404(a), a case may be transferred where both the original and proposed venue are proper. Dismissal of a case is supported only under § 1406, which applies where the original venue is

9

improper and provides for either transfer or dismissal of the case. *See* § 1406(a); *see also Jumara*, 55 F.3d at 878.

In considering a motion to dismiss for improper venue, the court accepts as true the allegations in the complaint, "although the parties may submit affidavits in support of their positions," and the court must "draw all reasonable inferences and resolve all factual conflicts in the plaintiff[']s favor." *Leor v. Gil*, 2016 WL 1718222, at *3 (D. Del. Apr. 27, 2016) (quoting *Giuliano v. CDSI I Holding Co., Inc.*, 2014 WL 1032704, at *1 (E.D. Pa. Mar. 17, 2014)); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1, 160 (3d Cir. 2012).

### ii. Discussion

Defendants improperly conflate their arguments on improper venue with lack of personal jurisdiction. Defendants argue that venue is improper in the District of Delaware because the complaint alleges no facts demonstrating that any act or omission by Defendants occurred in Delaware. (D.I. 10 at ¶ 14) Defendants cite to the general venue statute, 28 U.S.C. § 1391, and do no more than deny any connection to Delaware. (D.I. 10 at ¶ 14) They do not identify an alternate forum nor conduct any venue analysis under §§ 1404(a) or 1406. (*See id.*) Defendants' failure to provide any substantive argument on this issue warrants the court's recommendation that their motion to dismiss based on improper venue be **DENIED**.

### C. *Forum Non Conveniens*

At its discretion, a trial court may dismiss a case where personal jurisdiction and venue would otherwise be proper "[w]hen an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal

problems[.]'" *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)) (alterations in original). Thus, "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). The defendant bears the burden of establishing that an adequate alternative forum exists. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991).

Defendants have not met their burden in this case, as they have failed to establish an adequate alternative forum exists. Defendants do not articulate the applicable legal standard, nor identify any other forum where this case could be heard. (*See* D.I. 10 at ¶ 15) Defendants' argument consists only of pointing out that litigation in Delaware would be "extremely burdensome and inconvenient[.]" (*Id.*) Consequently, the court recommends that Defendants' motion to dismiss the complaint on the basis of *forum non conveniens* be **DENIED**.

## III.   PLAINTIFF'S MOTION TO AMEND

### A. Legal Standards

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision to grant or deny leave to amend lies within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 486–87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the

amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. . . . In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington*, 114 F.3d at 1434. As such, the court accepts the allegations in the proposed First Amended Complaint (hereinafter "FAC") as true and draws all reasonable inferences in Plaintiff's favor. *See Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Amendment is not futile if the FAC states a facially plausible claim for which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiff's proposed amended fraud claims must satisfy a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

**B. Discussion**

Plaintiff moves to amend his complaint to correctly identify the Defendant, Electrameccanica Vehicles Corp., and to add new factual allegations regarding an agency and an alter ego theory of liability, consumer fraud, and common law fraud.[5] (D.I. 16) Defendants oppose the proposed amendments solely based on futility. (D.I. 17)

---

[5] Plaintiff also seeks to remove Count VIII of the original complaint, which did not state a cause of action but, instead, was a mislabeled *ad damnum* paragraph requesting punitive damages. (*See* D.I. 16 at 1) Plaintiff's amendment to remove the labeling of the demand for damages as a "Count" in the pleading is not opposed. (*See* D.I. 17)

12

i. **Agency**

Defendants contend that Plaintiff's allegations of an agency relationship between Intermeccanica and Auto Europe are not sufficient to establish personal jurisdiction over Intermeccanica because they are not pled with particularity as required by Rule 9(b) and fail to show that Intermeccanica exercises control over the activities of Auto Europe. (D.I. 17 at 2–4)

An agency theory of liability "examines the degree of control which the parent exercises over the subsidiary. The factors relevant to this determination include the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business. No one factor is either necessary or determinative; rather it is the specific combination of elements which is significant." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991) (citations omitted). "The agency theory may be applied not only to parents and subsidiaries, but also to companies that are two arms of the same business group, operate in concert with each other, and enter into agreements with each other that are nearer than arm's length." *Robert Bosch LLC v. Alberee Prods., Inc.*, 70 F. Supp. 3d 665, 679 (D. Del. 2014) (quotations omitted).

Lastly, although Rule 8 sets a low bar for pleading an agency relationship, because Plaintiff's averment of an agency relationship relates to its common law fraud claims, Plaintiff must allege particular facts pursuant to Rule 9(b). *Ninespot, Inc. v. Jupai Holdings Ltd.*, 2019 WL 1650065, at *4 (D. Del. Apr. 17, 2019) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001) ("[A] plaintiff seeking to hold a principal liable for an agent's fraud must plead not only fraud but also agency with particularity.")).

Plaintiff has satisfied the heightened standard for pleading agency. Auto Europe receives

13

its business at least in part directly from Intermeccanica's CEO, Henry Reisner, whom Plaintiff contacted in order to purchase an Intermeccanica vehicle. (FAC at ¶¶ 31–33) The FAC also alleges that Reisner directed Plaintiff to purchase an Intermeccanica vehicle from Auto Europe, which Reisner introduced as "[Intermeccanica's] US representative east of the Rockies." (*Id.* at ¶ 33) Intermeccanica allegedly knows of and consents to Auto Europe's use of the name "Intermeccanica-US" on its advertising, paperwork, signage, and representations to the public. (*Id.* at ¶¶ 18–19) Auto Europe's operations are alleged to be controlled by Intermeccanica and Electrameccanica concerning procurement, assembly, and sale of Intermeccanica products. (*Id.* at ¶ 22) The relationship between Intermeccanica and Auto Europe is alleged to exist solely to make Intermeccanica's vehicles legal to import into the United States. (*Id.* at ¶ 23) And Auto Europe allegedly receives the component vehicle parts from Intermeccanica and assembles the vehicle at Intermeccanica's direction. (*Id.* at ¶ 27) Taking the averments in the FAC as true, Plaintiff plausibly alleges an agency relationship between Auto Europe and Intermeccanica that satisfies the heightened pleading standard.

Defendants' argument that there is no "evidence" of an agency relationship challenges the factual merits of the allegations, which the court cannot address on a motion to amend. (D.I. 17 at 3) The issue before the court is the sufficiency of the proposed amended pleading, "not whether [Plaintiff] will ultimately prevail." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). Consequently, the court recommends that Plaintiff's proposed FAC plausibly pleads an agency relationship between Intermeccanica and Auto Europe.

ii. **Alter Ego Theory**

Defendant challenges the allegations in the proposed amended complaint that Intermeccanica is the alter ego of Electrameccanica. (D.I. 17 at 2 n.3, 4 n.6; *see also* FAC at

14

¶¶ 9–13) Because Defendants assert this argument only in footnotes and not in the text of their brief, the court will not consider the argument. *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").

### iii. Fraud

To assert a claim of common law fraud under Delaware law, the complaint must allege with particularity: "(1) a false representation of fact (or material omission) by the defendant; (2) with the knowledge or belief that the representation is false or with reckless indifference to its truth or falsity; (3) intent to induce the plaintiff's reliance; (4) actual and justifiable reliance; which results in (5) harm to the plaintiff." *Anglo Am. Sec. Fund, LP v. SR Glob. Int'l Fund, LP*, 829 A.2d 143, 158 (Del. Ch. 2003).

The FAC alleges that in Spring 2019, Defendants decided to cease production of chassis that utilize the fuel injection system in question due to the same mechanical problems that Plaintiff was experiencing with his vehicle. (FAC at ¶¶ 128, 130) Nevertheless, a representative for Auto Europe falsely told Plaintiff around April 20, 2020, that the fuel injection system was superior to the alternative carburetor system, and Plaintiff paid several thousands of dollars extra to have it installed in his vehicle. (*E.g. id.* at ¶ 127) Plaintiff then experienced persistent mechanical problems with the fuel injection system. (*See id.* at ¶¶ 41–52) Plaintiff also alleges that Intermeccanica began to wind down its business in or around Spring 2019 to avoid paying out the warranties it had issued for cars with this type of fuel injection system, such as the warranty Plaintiff received with the purchase of his vehicle. (*Id.* at ¶¶ 135–39) These facts, taken as true, are sufficient to show that Plaintiff's fraud claim is plausible.

Defendants argue that they had no duty to disclose their business plans of shutting down

production of chassis that utilize the fuel injection system that was placed in Plaintiff's vehicle and that Intermeccanica never issued a warranty to Plaintiff. (D.I. 17 at 4–8) But a "material omission" can form the basis for common law fraud. *See Anglo Am. Sec. Fund*, 829 A.2d at 158. Whether failing to inform Plaintiff about the mechanical problems with the fuel injection system qualified as a material omission, whether Intermeccanica issued the warranty to Plaintiff, and whether the warranty was rescinded are questions of fact that cannot be decided at this stage of the proceedings.

Because leave to amend should be freely given when justice so requires, and the amendments would not be futile, FED. R. CIV. P. 15(a)(2), the court recommends that Plaintiff's motion to amend the complaint pursuant to Rule 15(a) be **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Defendants' motion to dismiss be **DENIED** and Plaintiff's motion to amend his complaint be **GRANTED**.

This Report and Recommendation on Defendants' motion to dismiss is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1(a)(3). The court's decision on Defendants' motion to amend is filed pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a), and D. DEL. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. FED. R. CIV. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under FED. R. CIV. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 27, 2024

Sherry R. Fallon
United States Magistrate Judge