IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD J. WOLFE, JR.,<br><br>                Plaintiff,<br><br>     v.<br><br>INTERMECCANICA INTERNATIONAL, INC., and ELECTRAMECCANICA, US, and AUTO EUROPE, INC. d.b.a. INTERNECCANICA – US,<br><br>                Defendants. | C.A. No. 23-0029-GBW-SRF |

## **MEMORANDUM ORDER**

Pending before the Court is Magistrate Judge Fallon's Report and Recommendation ("R&R), dated March 27, 2024 (D.I. 27), advising that the Court: (1) **DENY** Defendants Intermeccanica International, Inc., Electrameccanica, US, and Auto Europe, Inc. d.b.a. Intermeccanica – US's (collectively, "Defendants") Motion to Dismiss the Complaint (D.I. 1) pursuant to Federal Rule of Civil Procedure 12(b)(2) or, alternatively, improper venue pursuant to Rule 12(b)(3) or the doctrine of *forum non conveniens* (D.I. 10); and (2) **GRANT** Plaintiff Donald J. Wolfe Jr.'s ("Plaintiff") Motion for Leave to Amend the Complaint pursuant to Rule 15(a) (D.I. 16). No party objected to the R&R. Having reviewed the R&R and all related briefing (D.I. 10, D.I. 12, D.I. 13, D.I. 16, D.I. 17, D.I. 18), the Court agrees with Judge Fallon that the exercise of personal jurisdiction over Defendants comports with due process, given Plaintiff's allegations that Defendants sold a defective vehicle to Plaintiff, a Delaware resident, and exchanged email communications with Plaintiff to arrange the sale to him in Delaware. *See* D.I. 27 at 5–7. For many of the same reasons, the Court agrees that Defendants failed to show that the District of

Delaware would constitute an improper venue or that litigating this matter in Delaware would be "extremely burdensome and inconvenient." *Id.* at 10–11 (internal citations omitted). Finally, because Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that leave to amend is granted freely—and because Defendants did not show that such an amendment would be futile—the Court agrees with Judge Fallon that Plaintiff should be afforded the opportunity to amend the Complaint. *Id.* at 12-16; *see also Jones v. Crisis Intervention Servs.*, 239 F. Supp. 3d 795, 800 (D. Del.), *aff'd*, 686 F. App'x 81 (3d Cir. 2017) (noting that "[t]he Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" (internal citations omitted)). Accordingly, the R&R is **ADOPTED** in whole, Defendants' Motion to Dismiss is **DENIED**, and Plaintiff's Motion for Leave to Amend the Complaint is **GRANTED**.

***

Therefore, at Wilmington this **29th** day of August, 2024, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Fallon's Report and Recommendation, D.I. 27, is **ADOPTED**;

2. Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) or, alternatively, improper venue pursuant to Rule 12(b)(3) or the doctrine of *forum non conveniens* (D.I. 10) is **DENIED**;

3. Plaintiff's Motion for Leave to Amend the Complaint pursuant to Rule 15(a) (D.I. 16) is **GRANTED**.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE